IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAWRENCE W. MARTIN, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-09-026-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

**OPINION AND ORDER**

Plaintiff Lawrence W. Martin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 23, 1965 and was 42 years old at the time of the ALJ's decision. He completed his education either through the tenth or eleventh grade. Claimant has represented both to be the case at various times in the record. Claimant has engaged in past relevant work as a heavy equipment operator.

3

Claimant alleges an inability to work beginning August 1, 1988 due to poor vision.

## Procedural History

On October 29, 2004, Claimant protectively filed for supplemental security income under Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. On November 2, 2006, Claimant appeared at a hearing before ALJ Gene M. Kelly in Tulsa, Oklahoma. By decision dated June 27, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On November 26, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to perform a proper step five analysis; and (2) failing

4

to perform a proper credibility analysis.

## Step Five Evaluation

At step two of the sequential evaluation, the ALJ found Claimant suffered from the severe impairments of problems with his back, legs, knees, neck, hands, and fingers and vision. (Tr. 18). With specific regard to Claimant's vision, the ALJ acknowledged the visual consultative examination performed by Dr. Vidya B. Rege on March 7, 2005. (Tr. 20). Dr. Rege found Claimant wore glasses since the age of 6, had a lazy right eye, currently wore glasses that were 2 years old and were broken. He determined Claimant's eyes aligned well, conjunctiva cornea, anterior chamber examination was within normal limits, pupil had normal size reacting. Dr. Rege found Claimant to be highly myopic with astigmatism with full range of movement in the extraocular muscles. Claimant's visual acuity was found to be 20/60 in the right eye and 20/40 in the left eye, both with glasses. Dr. Rege recommended that Claimant get new glasses. (Tr. 138).

On April 19, 2006, Claimant was found to have a cataract on both eyes. It was opined that he would benefit from cataract surgery. (Tr. 146).

On December 22, 2006, Claimant underwent another consultative examination, this time with Dr. Sri K. Reddy. Dr. Reddy found

Claimant had eyesight of 20/100 in his right eye and 20/70 in his left eye. He diagnosed Claimant with gradually worsening eyesight and low back pain. (Tr. 149-50).

Vocational expert Michael J. Wiseman testified at the hearing that based upon the restrictions imposed by the questioning of the ALJ, Claimant could not return to his past relevant work but could perform the jobs of parking lot attendant, usher, order clerk, and clerical mailer. (Tr. 128). Other than the representation in the hypothetical that the Claimant possessed an adequate ability to read, the ALJ did not include any restrictions on Claimant's vision in his first hypotheticals. (Tr. 191-92). Later in the testimony, the vocational expert stated that "[f]ine vision is required on all work." (Tr. 194). The ALJ then stated "[w]ell, again, I'm talking about this is a person who can use their eyes to work, but he shouldn't be doing small, tedious tasks. He shouldn't be doing a lot of - - because of the poor reading, especially. . . . He shouldn't be doing, like, proofreading dallies." (Tr. 194).

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational

expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).

The ALJ in this case did not set forth the totality of Claimant's vision impairments. Once he determined Claimant's poor vision constituted a severe impairment at step two, the ALJ was obligated to pose questions to the vocational expert which accurately and effectively represented Claimant's visual acuity, not merely reflecting upon Claimant's ability to read. This is especially important in a case where the vocational expert found and understood "fine vision" to be required for the four jobs he identified based upon Claimant's RFC. On remand, the ALJ shall reformulate his questioning to include *with precision* all of Claimant's visual impairments.

### Credibility Determination

With regard to Claimant's credibility, the ALJ did not discount all of Claimant's complaints but found his treating physicians placed no functional restrictions upon his activities that would preclude work activity. The ALJ also found Claimant

takes no medication and that his restrictions in his daily living were "self imposed." (Tr. 21).

Claimant had no treating physicians, as he claimed he could not afford one. (Tr. 165. 175). Therefore, it is not surprising one did not place restrictions upon him. Further, the ALJ does not explain which daily living activities he found Claimant restricted by choice. These general statements give rise to an indication that the credibility determination was mere boilerplate as opposed to objective findings based upon the record.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the

8

individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.

On remand, the ALJ shall make appropriate findings on credibility in light of the medical and evidentiary record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 24th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE